UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


KYRON S. BRYSON,

            Plaintiff,

v.                                                    4:09-cv-21


MURRAY BLACKWELDER,
CHRIS THORNTON,
ROBERT ROWE,
MELISSA THOMAS,
and CAREY KEFAUVER,

            Defendants.


**MEMORANDUM AND ORDER**


        This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983.  Because the

plaintiff did not pay the $350.00 filing fee nor submit an application to proceed *in forma*

*pauperis*, plaintiff was given thirty days to pay the filing fee or to submit the proper

documents to proceed *in forma pauperis*.  Plaintiff has now submitted an application to

proceed *in forma pauperis* and a certified copy of his inmate trust account for the previous

six-month period.  It appears from the application that the plaintiff lacks sufficient financial

resources to pay the $350.00 filing fee.  Accordingly, pursuant to 28 U.S.C. § 1915(b),

plaintiff will be allowed to proceed without the prepayment of costs or fees or security

therefore. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is confined in the Lincoln County Jail. The defendants are Sheriff Murray Blackwelder, Chief Jail Administrator Robert Rowe, Jail Administrator Chris Thornton, Attorney Melissa Thomas, and Assistant Attorney General Carey Kefauver. The basis of plaintiff's complaint is that he fears for his well-being in the jail because of past conflicts between him and law enforcement officers.

Plaintiff alleges he was sentenced to serve six months in the Lincoln County Jail pursuant to a plea agreement. Plaintiff's attorney Melissa Thomas spoke with Chris Thornton about plaintiff's fears, and defendant Thornton stated that he was not going to do plaintiff any favors. According to plaintiff, his attorney and the assistant attorney general advised him to take the plea and try to work out things with Chris Thornton and the jail staff. Plaintiff further claims he acknowledged his fears to his attorney and to Assistant Attorney General Kefauver, Chief Administrator Robert Rowe, and Administrator Chris Thornton.

Plaintiff asks the court to toll the actions of the Lincoln County General Sessions Court and to probate his sentence. He also seeks monetary compensation for extreme punishment, mental stress, and abuse by Lincoln County Jail staff. In an amendment to his complaint, plaintiff notes that he is suing the defendants in their individual capacities.

Plaintiff does not state that he has in fact been abused or otherwise harmed by the jail staff, but merely refers to his fear of such conduct. Pursuant to the Prison Litigation Reform

2

Act, an inmate may not recover damages for mental or emotional suffering in the absence of a physical injury: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

In addition, plaintiff has made no factual allegations against Sheriff Blackwelder and his only allegations against the remaining jail officials are that he made them aware of his fear of jail staff. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989)

To the extent plaintiff is claiming that the defendants failed to allay his fears, such a claim fails to state a claim under § 1983. To state a claim against a correctional officer for failure to protect an inmate from harm, a plaintiff must demonstrate that the defendant officer knew of and disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Plaintiff has failed to make such a showing.

Furthermore, in order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v.*

3

*Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). The courts have uniformly held that neither a public defender nor a private attorney, whether appointed or retained, acts under color of law or is otherwise subject to suit under 42 U.S.C. § 1983. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Plaintiff cannot, therefore, maintain a § 1983 action against his attorney. The assistant attorney general, while acting under color of law, is nevertheless immune from civil liability under § 1983. *Burns v. Reed*, 500 U.S. 478, 491-92 (1991); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Watts v. Burkhart*, 978 F.2d 269 (6th Cir. 1992); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).

With respect to plaintiff's request that this court toll plaintiff's state court proceedings and probate his sentence, this court lacks jurisdiction to intervene in pending state court proceedings absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). Plaintiff has failed to make such a showing.

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to

4

relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Lincoln County Jail, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. §1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 200 South Jefferson Street, Room 201, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

5

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Lincoln County, Tennessee, and the county attorney for Lincoln County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

**E N T E R :**

_____/s/Harry S. Mattice, Jr._____
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

6